UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CATALINA L. MAGDALENO

      Plaintiffs,

     v.

INDYMAC BANCORP, INC., dba
INDYMAC BANK, FSB; ONEWEST
BANK, FSB; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
NDEX WEST, L.L.C., and DOES 1-
250 inclusive,

      Defendants.

Civ. No. S-10-2148 FCD/KJN

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motion of OneWest Bank, FSB ("OneWest") and Mortgage Electronic Registration System, Inc ("MERS") (collectively, "defendants") to dismiss plaintiff's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  OneWest and MERS alternatively move for a more definitive statement pursuant to FRCP 12(e).[1]  Plaintiff Catalina Magdaleno ("plaintiff") opposes

---

    [1]  Because the court grants defendants' motion to dismiss under FRCP 12(b)(6), it does not reach defendants' motion under FRCP 12(e).  Said motion is denied as moot.

1

the motions. For the reasons set forth below, defendants' motion to dismiss is GRANTED with leave to amend, in part.[2]

### BACKGROUND

In May 2009, plaintiff brought this action in state court against OneWest, MERS, NDEX West, LLC ("NDEX")[3] and Indymac Federal Bank, FSB ("Indymac") for conduct arising out of a loan and subsequent foreclosure activity. (FAC, filed May 28, 2009, ¶¶ 1-21.). In August 2010, The Federal Deposit Insurance Corporation ("FDIC") removed the state court action to this court pursuant to 28 U.S.C. 1441(b). (FDIC's Not. of Removal, filed Oct. 5, 2010 [Docket #1].)

Plaintiff alleges that in 2005, she applied for two loans with IndyMac as the lender and MERS as the nominee beneficiary. (Id. ¶ 9.) Plaintiff secured the loans based on a thirty-year adjustable interest rate at 1.000% APR with a maximum cap of 9.950%. (Id.) Plaintiff alleges that the written contract does not reflect the true intent of the parties; instead, plaintiff asserts that IndyMac's broker, "Kevin" of Anchor Financial, "represented to plaintiff that she would receive a fixed, thirty-year 1% interest rate." (Id. ¶ 10.)

---

[2]    Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[3]    The parties stipulated to the non-monetary status of defendant NDEX. (Stipulation of Non-Monetary Status, filed Oct. 5, 2010 [Docket #6].) "NDEX West, LLC had no involvement in the origination or servicing of the subject mortgage and has been joined as a defendant . . . solely for the purpose of having all necessary parties before the court." (Id. at 2:8-12.) The parties agreed that based on NDEX's limited role, NDEX will not be liable to plaintiff for any monetary damages.

1       On July 11, 2008, the Office of Thrift Supervision placed

2   IndyMac Bank into receivership and a new bank, Indymac, was

3   created under the conservatorship of the FDIC[4].  (Defs.' Mot. to

4   Dismiss ["MTD"], filed Oct 14, 2010, 2009 [Docket #7], at

5   8:12-15; FDIC's Not. of Removal at 1:22-2:9.).  On March 19,

6   2009, FDIC transferred the loans to OneWest as successor in

7   interest to Indymac.  (MTD at 8:15-16.)

8       Plaintiff defaulted on the loans in or around April 2007

9   because of her alleged "lack of income and confusing terms of her

10  loan." (FAC ¶ 12.)  MERS subsequently appointed NDEX as trustee.

11  (FAC ¶ 19.)  On September 18, 2008, NDEX caused a Notice of

12  Default to be filed.  (FAC ¶ 13; Defs.' Req. for Judicial Notice

13  ["RJN"], filed Oct. 14, 2010 [Docket #7], Ex. 4.)  Plaintiff

14  contends that NDEX did not have the authority to file the notice

15  because NDEX, allegedly, "was not a trustee, beneficiary or

16  authorized agent under the Deed of Trust per Civil Code Section

17  2924." (Id.)  Plaintiff further contends that Indymac and One

18  West, as successor in interest, engaged in misconduct by

19  misrepresenting the terms of the loan.  (FAC. ¶¶ 27-30.)

20      Plaintiff filed the present action on May 28, 2009, alleging

21  claims for (1) wrongful foreclosure in violation of California

22  Civil Code § 2924; (2) fraudulent misrepresentation;

23  (3) fraudulent concealment; (4) reformation, California Civil

24  Code §§ 3399, 1670.5; (5) violation of California Business &

25  Professions Code § 17200 *et seq.*; and (6) violation of California

26

27      [4]  While the FDIC appropriately filed a notice of removal

28  pursuant to 28 U.S.C. 1441(b), it has yet to file an answer in
    this matter and is not a moving party on this motion.

1  Civil Code § 1632.

2                           **STANDARD**

3       Under Federal Rule of Civil Procedure 8(a), a pleading must

4  contain "a short and plain statement of the claim showing that

5  the pleader is entitled to relief."  See Ashcroft v. Iqbal, 129

6  S. Ct. 1937, 1949 (2009).  Under notice pleading in federal

7  court, the complaint must "give the defendant fair notice of what

8  the claim is and the grounds upon which it rests."  Bell Atlantic

9  v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations

10 omitted).  "This simplified notice pleading standard relies on

11 liberal discovery rules and summary judgment motions to define

12 disputed facts and issues and to dispose of unmeritorious

13 claims."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

14      On a motion to dismiss, the factual allegations of the

15 complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319,

16 322 (1972).  The court is bound to give plaintiff the benefit of

17 every reasonable inference to be drawn from the "well-pleaded"

18 allegations of the complaint.  Retail Clerks Int'l Ass'n v.

19 Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not

20 allege "'specific facts' beyond those necessary to state his

21 claim and the grounds showing entitlement to relief."  Twombly,

22 550 U.S. at 570.  "A claim has facial plausibility when the

23 plaintiff pleads factual content that allows the court to draw

24 the reasonable inference that the defendant is liable for the

25 misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

26      Nevertheless, the court "need not assume the truth of legal

27 conclusions cast in the form of factual allegations."  United

28 States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

                                 4

1  Cir. 1986).  While Rule 8(a) does not require detailed factual

2  allegations, "it demands more than an unadorned, the defendant-

3  unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949.  A

4  pleading is insufficient if it offers mere "labels and

5  conclusions" or "a formulaic recitation of the elements of a

6  cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at

7  1950 ("Threadbare recitals of the elements of a cause of action,

8  supported by mere conclusory statements, do not suffice.").

9  Moreover, it is inappropriate to assume that the plaintiff "can

10 prove facts which it has not alleged or that the defendants have

11 violated the . . . laws in ways that have not been alleged."

12 Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

13 of Carpenters, 459 U.S. 519, 526 (1983).

14     Ultimately, the court may not dismiss a complaint in which

15 the plaintiff has alleged "enough facts to state a claim to

16 relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949

17 (citing Twombly, 550 U.S. at 570).  Only where a plaintiff has

18 failed to "nudge [his or her] claims across the line from

19 conceivable to plausible," is the complaint properly dismissed.

20 Id. at 1952.  While the plausibility requirement is not akin to a

21 probability requirement, it demands more than "a sheer

22 possibility that a defendant has acted unlawfully." Id. at 1949.

23 This plausibility inquiry is "a context-specific task that

24 requires the reviewing court to draw on its judicial experience

25 and common sense." Id. at 1950.

26     In ruling upon a motion to dismiss, the court may consider

27 only the complaint, any exhibits thereto, and matters which may

28 be judicially noticed pursuant to Federal Rule of Evidence 201.

1  See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th

2  Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United

3  States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

4                              **ANALYSIS**

5  **A.   Defendants' Exhibits**

6         In ruling upon a motion to dismiss, the court may consider

7  matters which may be judicially noticed pursuant to Federal Rule

8  of Evidence 201.   See id.  "Even if a document is not attached to

9  a complaint, it may be incorporated by reference into a complaint

10 if the plaintiff refers extensively to the document or the

11 document forms the basis of the plaintiff's claim."   United

12 States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).   "The

13 defendant may offer such a document, and the district court may

14 treat such a document as part of the complaint, and thus may

15 assume that its contents are true for purposes of a motion to

16 dismiss under Rule 12(b)(6)."   Id.   The policy concern underlying

17 the rule is to prevent plaintiffs "from surviving a Rule 12(b)(6)

18 motion by deliberately omitting references to documents upon

19 which their claims are based."   Parrino v. FHP, Inc., 146 F.3d

20 699, 706 (9th Cir. 1998).

21         Plaintiff's complaint alleges several claims that are

22 premised on defendants' alleged failure to provide certain

23 required disclosures concerning the terms of the loans.

24 Defendants submit several documents relevant to the terms of the

25 loans: the Deed of Trust; the assignment of deed of trust

26 recorded December 18, 2008; the second assignment of deed of

27 trust, recorded June 17, 2009; the notice of default; and the

28

6

Master Purchase Agreement between the FDIC and OneWest.[5]  As these documents form the bases of certain of plaintiff's claims, the court considers them and assumes that the contents are true for the purpose of the motion.

**B.   Defendants' General Theories in Favor of Dismissal**

Preliminarily, defendants move to dismiss plaintiff's FAC for three general and alternative reasons: (1) plaintiff failed to join an indispensable party, thus requiring dismissal of her complaint in its entirety; (2) plaintiff failed to exhaust administrative remedies as required by 18 U.S.C. § 1821 (d)(5)-(14), and thus, her complaint as a whole cannot stand; and (3) plaintiff failed to allege the ability to tender the amount of indebtedness, and thus, her claims are not cognizable.  For the reasons set forth below, none of these contentions supply a basis for the complete dismissal of the complaint.

**1.   Failure to Join an Indispensable Party**

Defendants contend that plaintiff's failure to join the current note holder and beneficiary of the deed, US Bank, is fatal to the entire complaint.  (MTD at 6:14-7:1.)  This argument is unavailing for two reasons: (1) failure to join indispensable parties is governed by the Federal Rules of Civil Procedure, not state law and (2) the California appellate decision defendants exclusively rely upon is inapposite.

---

[5]      As an exhibit to her opposition, plaintiff attached a copy of the qualified written request she sent to OneWest, but she did not request judicial notice of the document.  The court disregards the document as it is irrelevant to the disposition of the motion.

1    Joinder of parties in federal courts is strictly a matter of
2  procedure governed by the Federal Rules of Civil Procedure.  See
3  35A C.J.S. Federal Civil Procedure § 136 (2010); Fed. Rs. Civ. P.
4  18-20.  FRCP 19 specifically governs the joinder of indispensable
5  parties.  Thus, defendants' citation to and reliance on
6  California case law as a basis to dismiss the complaint is wholly
7  without merit.

8    Defendants cite Washington Mutual Bank v. Blecham, 157 Cal.
9  App. 4th 662 (2007) for their contention that the FAC must be
10 dismissed for failure to join US Bank.  Simply stated, because it
11 addresses state law, Blecham is inapposite.  It also does not
12 stand for the proposition defendants assert.  While the court in
13 Blecham held that the note holder and beneficiary of the deed are
14 indispensable parties, it did not find that the failure to join
15 them in the action required dismissal of the complaint.  Instead,
16 the court held that the failure to join these parties voids the
17 sale, rendering any default judgment against the lender and
18 trustee subject to collateral attack.  Id. at 669.

19   Ultimately, because federal law controls the issue of
20 joinder, the complaint in this case is not subject to dismissal
21 for a failure to join US Bank.

22   **2.   Failure to File a Claim Pursuant to 12 U.S.C. § 1821**

23   Defendants contend that the Financial Institutions Reform
24 and Recovery Enforcement Act divests this court of subject matter
25 jurisdiction to hear plaintiff's claims against OneWest and MERS.
26 (MTD at 8:5-9:10.)  Specifically, defendants argue that since the
27 FDIC assumed receivership of IndyMac, 12 U.S.C. § 1821(D)(6)(b)
28 bars plaintiff's claim for a failure to timely file her claim

1  with the FDIC.  A close reading of the statute reveals, however,
2  that defendants' argument is without merit.

3      Defendants rely on Section 1821(d)(6)(a)(I) which only
4  applies to a "depository institution for which the [FDIC] has
5  been appointed receiver."  12 U.S.C. § 1821 (d)(6)(a)(I),
6  (d)(13)(D)(I).  Since the FDIC has not been appointed receiver of
7  either OneWest or MERS, Secion 1821 is inapplicable and does not
8  preclude this court's jurisdiction over claims against either
9  OneWest or MERS.

10      This case is factually similar to Rosa v. Resolution Trust
11  Corporation, 938 F.2d 383 (3rd. Cir. 1991).  In Rosa, the
12  plaintiff filed claims against three depository institutions, two
13  of which the Resolution Trust Company[6] had assumed receivership
14  and one which it had not.  Id. at 388-90.  The Third Circuit held
15  that because the Resolution Trust Company assumed receivership of
16  the first two institutions, the statute stripped the court of
17  subject matter jurisdiction; because the same was not true for
18  the third institution, the statute was inapplicable, and the
19  court could hear that claim.  Id. at 392-93.  Similarly, here,
20  when the case came before this court, the FDIC had not assumed
21  receivership of either OneWest or MERS, and thus, the statute is
22  inapplicable to plaintiff's claims against either entity and does
23  not divest this court of subject matter jurisdiction.

24

_____

25      [6]    The Resolution Trust Company is the equivalent of the
FDIC for purposes of the statute. See 12 U.S.C.
26  § 1441(a)(b)(1)(B) ("The Resolution Trust Company, when it is
acting as a conservator or receiver of an insured depository
27  institution, shall be deemed to be an agency of the United States
to the same extent as the [FDIC] when it is acting as a
28  conservator or receiver of an insured depository institution.")

1     **3.    Plaintiff's Failure to Allege the Ability to Tender**

2     Defendants argue the FAC should be dismissed because

3 plaintiff "failed to plead that she tendered the undisputed

4 amount."[7]  (MTD at 5:17-6:13.)  "A valid and viable tender of

5 payment of the indebtedness owing is essential to an action to

6 cancel a voidable sale under a deed of trust."  Karlsen v.

7 American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971).  The

8 overwhelming majority of California district courts utilize the

9 Karlsen rationale in examining wrongful foreclosure claims.

10 Anaya v. Advisors Lending Group, 2009 U.S. Dist. LEXIS 68373, *25

11 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing to indicate

12 that she is able to tender her debt to warrant disruption of non-

13 judicial foreclosure"); Alicea v. GE Money Bank, 2009 U.S. Dist.

14 LEXIS 60813, *7-8 (N.D. Cal. July 16, 2009) ("When a debtor is in

15 default of a home mortgage loan, and a foreclosure is either

16 pending or has taken place, the debtor must allege a credible

17 tender of the amount of the secured debt to maintain any cause of

18 action for wrongful foreclosure."); Montoya v. Countrywide Bank,

19 2009 U.S. Dist. LEXIS 53920, *32 (N.D. Cal. June 25, 2009)

20 ("Under California law, the 'tender rule' requires that as a

21 precondition to challenging a foreclosure sale, or any cause of

22 action implicitly integrated to the sale, the borrower must make

23 a valid and viable tender of payment of the secured debt").  The

24 application of the "tender rule" prevents "a court from uselessly

25 setting aside a foreclosure sale on a technical ground when the

26 party making the challenge has not established his ability to

27

28        [7]    The analysis of plaintiff's failure to allege tender is equally applicable to plaintiff's claim for wrongful foreclosure.

1  purchase the property." Williams v. Countrywide Home Loans, 1999
2  U.S. Dist. LEXIS 14550, *5–6 (N.D. Cal. Sept. 15, 1999).

3      In her opposition, plaintiff alleges that tender is not
4  necessary in this instance because defendants failed to comply
5  with the requirements set forth in California Civil Code
6  § 2923.5. (Opp'n, filed Dec. 30, 2010 [Docket #12], at
7  5:21-6:16.) However, plaintiff did not plead this statutory
8  violation in the FAC; plaintiff only alleged violation of Section
9  2924. (See MTD at 2:15-21.)

10     Section 2923.5 requires a "mortgagee, beneficiary or
11 authorized agent [to] contact the borrower . . . to assess the
12 borrower's financial situation and explore options for the
13 borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2)
14 (West 2010). The statute further requires that the notice of
15 default include a "declaration that the mortgagee, beneficiary or
16 authorized agent has contacted the borrower" pursuant to
17 subdivision (a)(2). Id. § (b). Section 2923.5 may be enforced
18 by a private right of action. Mabry v. Superior Court, 185 Cal.
19 App. 4th 208, 214 (2010). The remedy for violation of the
20 statute is postponement of the impending foreclosure to permit
21 the foreclosing party to comply with the requirements of Section
22 2923.5. Id. Tender of the full amount of indebtedness is not a
23 prerequisite to bringing a claim under section 2923.5. Id.

24     Plaintiff's opposition contains sufficient facts to allege a
25 violation of Section 2923.5(a)(2). Plaintiff asserts defendants
26 never contacted her to assess her financial situation pursuant to
27 the statutory requirement. (Opp'n at 3:23-4:14.) Moreover, the
28 Notice of Default fails to comply with subdivision (b) of Section

11

2923.5.  (RJN at Ex. 4.)   Thus, plaintiff can state facts to allege a violation of Section 2923.5, regardless of whether she can plead the ability to tender the full amount of the indebtedness.

Accordingly, since plaintiff failed to plead a violation of California Civil Code § 2923.5 in the FAC, defendants' motion to dismiss for failure to allege the ability to tender is GRANTED with leave to amend to assert a violation of Section 2923.5.

**C.   Plaintiff's Claim For Wrongful Foreclosure**

Plaintiff's FAC conclusorily alleges wrongful foreclosure for failure to comply with California Civil Code § 2924.  (FAC ¶ 18.)  Plaintiff's legal conclusions rest on two theories: (1) "[e]very action made by MERS [on] behalf of defendants is null and void and all initiation of foreclosure must be rescinded" (Opp'n at 6:24-25); and (2) "NDEX lacked authority [to foreclose] since they were not appointed until 3 months after the recording of the [Notice of Default], thereby voiding the recording of the [Notice of Default]" (Id. at 7:8-9).  For the following reasons, neither of plaintiff's contentions allege a claim for wrongful foreclosure.

**1.   The Appointment of NDEX by MERS was Proper**

Plaintiff contends that the appointment of NDEX by MERS was improper because MERS could not have a "beneficial interest" in both the Deed of Trust and the Note.  (Opp'n at 5:21-6:16.) However, plaintiff cites no authority for her legal conclusion. Indeed, plaintiff's legal assertion is belied by the allegations in her own complaint, wherein she alleges:  MERS "is the beneficiary under the deeds of trust to the Subject Property."

12

(FAC ¶ 5.)

As the nominee beneficiary, MERS has the authority to conduct the foreclosure process. <u>Morgera v. Countrywide Home Loans Inc.</u>, 2010 U.S. Dist. LEXIS 2037, *21 (E.D. Cal. Jan. 11, 2010) ("[a]s for Plaintiff's argument that MERS lacked standing to proceed with its non-judicial foreclosure, it too lacks merit.")  In <u>Morgera</u>, this court explained that "[u]nder the mortgage contract, MERS has the legal right to foreclose on the debtor's property.  The fact that MERS . . . lacked a beneficial interest in the note that was secured by the mortgage does not deprive MERS of standing to enforce the note and foreclose the mortgage." <u>Id.</u> at *22.  Similarly, the fact that MERS did not have a beneficial interest in the Note itself did not preclude it from appointing NDEX as trustee, as plaintiff contends.  <u>Id.</u>

**2.   The Substitution of NDEX as Trustee was Proper**

Plaintiff contends that the Notice of Default was invalid because it was recorded three months before the Substitution of NDEX as Trustee.  (Pl.'s Opp'n 7:8-9.)  California Code of Civil Procedure § 2934a(b) permits recordation of the substitution of trustee after a notice of default has been recorded, provided that recordation occurs prior to the notice of sale.  As alleged in the complaint, this is what transpired in this case.  (FAC ¶ 19.)  Therefore, plaintiff's claim for wrongful foreclosure based on untimely substitution of NDEX as trustee fails.

Accordingly, defendants' motion to dismiss plaintiff's first claim for relief is GRANTED with leave to amend solely as to the issue of defendants' alleged violation of California Civil Code

1  § 2923.5.[8]

2  **D.    Fraud**

3      Plaintiff's second and third claims for relief allege that

4  MERS' and OneWest's conduct during and after the loan transaction

5  constituted fraud.  (FAC ¶¶ 22-42.)  "Under California law, 'the

6  indispensable elements of a fraud claim include a false

7  representation, knowledge of its falsity, intent to defraud,

8  justifiable reliance, and damages.'"  <u>Vess v. Ciba-Geigy Corp.</u>

9  <u>USA</u>, 317 F.3d 1097, 1105 (9th Cir. 2003)(quoting <u>Hackethal v.</u>

10 <u>Nat'l Cas. Co.</u>, 189 Cal. App. 3d 1102, 1111 (1987)).  To bring a

11 fraud claim, the plaintiff must satisfy FRCP 9(b)'s heightened

12 pleading requirements.  This means that plaintiff "must state

13 with particularity the circumstances constituting fraud,"

14 including "the who, what, when, where, and how" of the fraud.

15 <u>Id.</u> (citations omitted).  "The plaintiff must set forth what is

16 false or misleading about a statement, and why it is false."

17 <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).

18 Furthermore, "Rule 9(b) does not allow a complaint to merely lump

19 multiple defendants together but require[s] plaintiffs to

20 differentiate their allegations when suing more than one

21 defendant . . . and inform each defendant separately of the

22 allegations surrounding his alleged participation in the fraud."

23 <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 765-66 (9th Cir. 2007).  The

24 purpose of FRCP 9(b) is to ensure that defendants accused of the

25 conduct specified have adequate notice of what they are alleged

26 to have done, so that they may defend against the accusations.

27 _____

28      [8]    <u>See</u> section B.3. for the basis for granting leave to
   amend plaintiff's claim for wrongful foreclosure.

                                  14

Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995).

When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'"  Lazar v. Superior Court, 12 Cal. 4th 631, 645 (1996) (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)); see also e.g. Mohammad Akhavein v. Argent Mortgage Co., 2009 U.S. Dist. LEXIS 61796, *10 (N.D. Cal. July 17, 2009); Spencer v. DHI Mortgage Co., 2009 U.S. Dist. LEXIS 55191, *18 (E.D. Cal. June 30, 2009).

### 1.   Fraud Against MERS

Plaintiff fails to allege sufficient facts to support a fraud claim against MERS.  Plaintiff alleges that MERS' conduct was fraudulent simply because it "does not own the loans; rather they [sic] are acting as a 'nominee' for whoever might not say that it owns the loan at any given time." (FAC ¶ 25.)  As described above, MERS' conduct throughout the foreclosure process was proper.  The fact that MERS does not own the loans does not constitute a misrepresentation.  Without any allegations in the complaint specifying the misrepresentations that MERS made or identifying the name of a MERS' representative who allegedly made the fraudulent representations, plaintiff's fraud claim against MERS cannot survive a motion to dismiss.

### 2.   Fraud Against OneWest

Plaintiff fails to allege any facts to support a fraud claim against OneWest.  Plaintiff conclusorily alleges that "ONEWEST

through INDYMAC . . . had a duty to represent accurately,
truthfully, and completely disclose all the information that
plaintiff relied upon in performing their [sic] investigation, .
. ." (FAC ¶ 27.)  Without any allegations in the complaint
specifying the false misrepresentations that OneWest made or
identifying the name of a OneWest employee who allegedly made the
fraudulent representations, plaintiff's fraud claim against
OneWest likewise cannot survive a motion to dismiss.

### 3.    Leave to Amend

Plaintiff "acknowledges her Fraud allegations lack
sufficient particularity . . . but requests . . . that [she be]
granted leave to amend should such proof arise at a later date."
(Opp'n at 8:5-7.)  Because plaintiff concedes she cannot *now* show
how either OneWest or MERS had any involvement in the origination
of the contract, her fraud claim must be dismissed; she has
failed to allege "enough facts to state a claim to relief that is
plausible on its face," and accordingly, her claim cannot stand
and must be dismissed without leave to amend.  Iqbal, 129 S. Ct.
at 1949 (citing Twombly, 550 U.S. at 570).  Defendants' motion to
dismiss plaintiff's second and third claims is GRANTED with
prejudice.

### E.    Plaintiff's Claim for Reformation

Plaintiff's fourth claim alleges that the contract should be
reformed pursuant to California Civil Code § 3399 to reflect the
alleged oral promises made by the mortgage broker during the
origination of the loan.  (FAC ¶ 44.)  Plaintiff alleges that the
broker made oral promises that do not reflect the true intentions
of the parties; specifically, that plaintiff would receive a

16

fixed, thirty-year one-percent interest rate.[9]  (FAC ¶ 45–46.)

Defendants argue that since OneWest did not negotiate the terms of the loan, the statute does not require OneWest to reform the contract.  (MTD at 13:13–16.)  In her opposition, plaintiff relies on a theory of promissory estoppel--that plaintiff's reliance on the oral promises the broker made formed an oral contract.  (Opp'n at 8:19–915.)  Plaintiff asserts, without citing to any authority, that "ONEWEST is responsible for the oral representations made [by] INDYMAC at the time of the loan origination. . . ."  (Id. at 8:13–14.)

California Civil Code § 3399 permits reformation of a contract when, through "mistake of one party, which the other party at the time knew or suspected, the contract does not truly reflect the intention of the parties, . . ."  Id.   However, the federal common law "D'Oench Duhme doctrine," and its statutory counterpart, preclude reformation of a written instrument to reflect oral representations not reduced to writing whenever the FDIC has assumed receivership of the assets in question. D'Oench, Duhme & Co. V. Federal Deposition Insurance Corp., 315 U.S 447 (1942); 18 U.S.C. § 1823(e).  The doctrine and its subsequent codification reflect the FDIC's need:

> to swiftly evaluate the assets and liabilities of a failed bank in order to choose between liquidation and purchase and assumption . . . which involves selling the failed bank assets to another bank . . . to limit losses to the insurance fund and to maintain public confidence in the banking system.

---

[9]    The actual Deed of Trust contained a 30-year adjustable interest rate loan at 1.000% APR with a maximum cap of 9.950%. (FAC ¶ 9.)

17

1  Lee Black, Annotation, <u>Reformation of Instruments Under the</u>

2  <u>D'Oench, Duhme Doctrine and 12 U.S.C.A. § 1823(e)</u>, 137 A.L.R.Fed

3  313 (1997).

4       The doctrine and its statutory counterpart apply equally to

5  successors in interest, like OneWest, that purchase assets which

6  FDIC has assumed receivership.   <u>See e.g</u> <u>Webb v. Superior Court</u>,

7  225 Cal. App. 3d 990, 1001 (1990)(holding that <u>D'Oench Duhme</u>

8  doctrine barred borrower's claim against the defendant "bridge

9  bank," successor in interest to the note received from the failed

10 institution by Federal Savings and Loan Insurance Corporation);

11 <u>See also</u> <u>Victor Hotel Corp. v. FCA Mortg. Corp.</u>, 928 F.2d 1077,

12 1078 (11th Cir. 1991) (holding that <u>D'Oench Duhme</u> extended to

13 protect subsidiary of failed institution); <u>FSLIC v. Murray</u>, 853

14 F.2d 1251, 1256 (5th Cir. 1988)(explaining that assignees of the

15 FDIC also enjoy protection from claims or defenses based upon

16 unrecorded agreements); <u>FDIC v. Newhart</u>, 892 F.2d 47, 48 (8th Cir.

17 1989) ("assertion of defenses based on oral agreements with the

18 failed bank is transferred to a subsequent purchaser of the note

19 from the FDIC").

20      In this case, as alleged in the complaint, the FDIC

21 evaluated the loan and sold it based on the terms in the written

22 instrument between plaintiff and IndyMac.   The <u>D'Oench Duhme</u>

23 doctrine precludes reformation based on the oral representations

24 the broker allegedly made in order to ensure that the FDIC's

25 evaluation of plaintiff's loan was accurate.   Accordingly, since

26 OneWest, as successor in interest to the assets which FDIC

27 assumed receivership, had no involvement in the origination of

28 the loan, and the alleged oral agreement was not reduced to

1 writing, the D'oench Duhme doctrine and its statutory

2 counterpart, preclude reformation in this instance.  12 U.S.C.

3 § 1821(e)(1)(A).

4     Accordingly, defendants' motion to dismiss plaintiff's

5 fourth claim for relief is GRANTED without leave to amend.

6 **F.   Violation of Civil Code § 1632**

7     Plaintiff's sixth claim for relief is based on violation of

8 California Civil Code § 1632.  Section 1632 provides that when

9 certain types of contracts are negotiated in certain languages

10 other than English, the offeror must provide the offeree a

11 translated copy of the contract prior to execution.  Cal. Civ.

12 Code § 1632(b) (West 2010).  Defendants contend that plaintiff

13 cannot state a claim under the statute because it excludes loans

14 secured by real property.  (MTD at 15:20-22.)  Defendants further

15 contend that since the only remedy under Section 1632 is

16 rescission and restitution, plaintiff's failure to tender is

17 fatal to this claim.  (Reply, filed Jan. 7, 2010 [Docket #15],

18 at 8:14-19.)  Plaintiff concedes that Section 1632 excludes loans

19 secured by real property, but contends the statute requires

20 translation when the transaction involves a broker.  (Opp'n at

21 10:25-11:17.)

22     Plaintiff's complaint fails to state sufficient facts to

23 constitute a violation of Section 1632 for two reasons: (1) the

24 complaint fails to state that she negotiated with the broker

25 primarily in Spanish and (2) plaintiff's failure to plead the

26 ability to tender precludes the only remedy available under the

27 statute.  Section 1632 requires "a translation of the contract or

28 agreement in the language in which the contract or agreement was

1  negotiated."  Cal. Civ. Code § 1632(a)(b) (West 2010).  Here,

2  plaintiff cannot allege a claim for violation of Section 1632

3  because she does not allege that she negotiated the contract with

4  the broker in Spanish.  (FAC ¶¶ 68-73.)   Additionally,

5  restitution is a prerequisite to the only remedy available under

6  the statute, which would require plaintiff to tender the full

7  amount of the indebtedness.  Cal. Civ Code 1632(k) (West 2010).

8  As set forth above, because plaintiff has failed to plead the

9  ability to tender the full amount of indebtedness, rescission is

10  precluded.  <u>Karlsen</u>, 15 Cal. App. 3d at 117 ("A valid and viable

11  tender of payment of the indebtedness is essential to an action

12  to cancel a voidable sale under a deed of trust.").   Thus,

13  plaintiff has failed to state a cognizable violation of Section

14  1632.  Defendants' motion to dismiss plaintiff's sixth claim for

15  relief is GRANTED with leave to amend.

16  **G.   Violation Of California Business & Professions Code § 17200**

17       Plaintiff's fifth claim for relief asserts that defendants

18  violated Section 17200 of the California Business & Professions

19  Code by engaging in unlawful, unfair, and fraudulent business

20  practices. (FAC ¶ 55.)  Defendants argue, *inter alia*, that

21  plaintiff fails to state a claim since she relies upon conclusory

22  assertions of unlawful, unfair, and fraudulent business practices

23  and bases her claim upon the foregoing violations, which fail to

24  state a claim.

25       California's Unfair Competition Law ("UCL"), California

26  Business and Professions Code §§ 17200, *et seq.*, forbids acts of

27  unfair competition, which includes "any unlawful, unfair or

28  fraudulent business act or practice."  Cal. Bus. & Prof. Code §

17200.  "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." <u>People ex rel. Gallegos v. Pacific Lumber Co.</u>, 158 Cal. App. 4th 950, 959 (2008) (internal citations omitted).  Section 17200 "'borrows' violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." <u>Farmers Ins. Exch. V. Superior court</u>, 2 Cal. 4th 377, 383 (1992).  Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." <u>Plascencia v. Lending 1st Mortg.</u>, 583 F. Supp. d 1090, 1098 (9th Cir. 2008) (citing <u>Suanders v. Superior Court</u>, 27 Cal. App. 4th 832, 838-39 (1994)); <u>see</u> <u>Hauk v. JP Morgan Chase Bank United States</u>, 552 F.3d 1114 (9th Cir. 2009) ("California's UCL has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'")

Because plaintiff's UCL claim against defendants is predicated on facts supporting her other claims, all of which the court has dismissed, defendants' motion to dismiss plaintiff's fifth claim for relief for violations of Section 17200 is GRANTED.  Plaintiff, however, is permitted leave to amend this claim consistent with the court's order on her other claims set forth above.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss plaintiff's FAC is GRANTED with leave to amend as follows:

21

1.   Defendants' motion to dismiss plaintiff's first claim for relief for wrongful foreclosure is GRANTED with leave to amend.

2.   Defendants' motion to dismiss plaintiff's second claim for relief for fraudulent misrepresentation is GRANTED without leave to amend.

3.   Defendants' motion to dismiss plaintiff's third claim for relief for fraudulent concealment is GRANTED without leave to amend.

4.   Defendants' motion to dismiss plaintiff's fourth claim for relief for reformation is GRANTED without leave to amend.

5.   Defendants' motion to dismiss plaintiff's fifth claim for relief for violation of California Business & Profession Code § 17200, *et seq* is GRANTED with leave to amend concerning any claim for violation of California Civil Code § 2923.5 or § 1632.

6.   Defendants' motion to dismiss plaintiff's sixth claim for relief for violation of California Civil Code § 1632 is GRANTED with leave to amend.

Plaintiff is granted fifteen (15) days from the date of this order to file an amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service

///
///
///
///
///

of plaintiffs' second amended complaint to file a response
thereto.

  IT IS SO ORDERED.

DATED: January 28, 2011

           _____
           FRANK C. DAMRELL, JR.
           UNITED STATES DISTRICT JUDGE