UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CATALINA L. MAGDALENO,

       Plaintiff,

    v.

INDYMAC BANCORP, INC., dba
INDYMAC BANK, FSB; ONEWEST
BANK, FSB; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
NDEx WEST, L.L.C., and DOES
1-250 inclusive,

       Defendants.

_____/

Civ. No. S-10-2148 FCD/KJN

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motions of (1) the
Federal Deposit Insurance Corporation ("FDIC") and (2) OneWest
Bank, FSB, NDEx West, LLC and Mortgage Electronic Registration
Systems, Inc. (collectively, "defendants") to dismiss plaintiff's
second amended complaint ("SAC") pursuant to Federal Rule of

1

Civil Procedure ("FRCP") 12(b)(6).[1]  (Docket #s 22 & 23.)  On August 11, 2010 FDIC removed this matter from the Superior Court of California for the County of Placer to this court.  (See Def.'s Notice of Removal, filed Aug. 11, 2010 [Docket #1].)  At that time, the sole basis for federal subject matter jurisdiction was the presence of FDIC as a party.  12 U.S.C. § 1819(b)(2)(A).  In response to defendants' motions to dismiss, on April 15, 2011, plaintiff filed a request for voluntary dismissal of FDIC.  (Docket # 27.)  The court granted the request, and FDIC is now dismissed from the action.  (Docket # 28); see, e.g. Fed. R. Civ. P. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (holding that defendants filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Since plaintiff's SAC is devoid of any federal claims, dismissal of FDIC strips this court of the original basis for subject matter jurisdiction.  The remaining claims are state law claims for wrongful foreclosure (Cal. Civ. Code §§ 2923.5, 2924), conversion, negligent infliction of emotional distress, intentional infliction of emotional distress and violation of California Business and Professions Code §§ 17200 et seq.

Under such circumstances, subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over the remaining state law claims.  See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000

---

[1]    Because oral argument will not be of material assistance, the court submits these matters on the briefs. E.D. Cal. L.R. 230(g).

(9th Cir. 1997)(en banc).  The court's decision whether to

exercise supplemental jurisdiction should be informed by values

of "economy, convenience, fairness, and comity."  Id. at 1001

(citations omitted).  Further, primary responsibility for

developing and applying state law rests with the state courts.

Therefore, when federal claims are eliminated before trial,

district courts should usually decline to exercise supplemental

jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,

350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d

1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which

federal-law claims are eliminated before trial, the balance of

factors . . . will point toward declining to exercise

jurisdiction over the remaining state law claims.")(quoting

Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In

accordance with Section 1367(c), the court declines to exercise

supplemental jurisdiction over plaintiff's state law claims.

 Accordingly, the court HEREBY REMANDS the case to the Placer

County Superior Court.

 IT IS SO ORDERED.

DATED: April 21, 2011

         FRANK C. DAMRELL, JR.
         UNITED STATES DISTRICT JUDGE

3